IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 2 2003

DAVID J. MALAND, CLERK

BY
DEPUTY

| | |
|---|---|
| ANITA TYSON, | § |
| | § |
| Plaintiff | § |
| V. | § |
| | § |
| EAST TEXAS MEDICAL CENTER | § |
| REGIONAL HEALTHCARE SYSTEM | § |
| and | § |
| EAST TEXAS MEDICAL CENTER | § |
| REGIONAL HEALTHCARE SYSTEM - | § |
| ATHENS | § |
| | § |
| Defendant | § |

CIVIL ACTION NO. 6:03cv316

JURY DEMANDED

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.

### Introduction

1.   Plaintiff Anita Tyson commences this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), which in relevant part prohibits discrimination in employment based upon an employee's sex, including sexual harassment, and/or in retaliation for complaints of sex discrimination, including sexual harassment.

2.   Plaintiff Tyson was employed by Defendant East Texas Medical Center Regional Healthcare System ("ETMC") at Defendant East Texas Medical Center Regional Healthcare System -- Athens

("ETMC -- Athens") where she was subjected to discrimination on the basis of her sex, female in that she was subjected to sexual harassment through a hostile work environment. After complaining of such discrimination, Plaintiff Tyson was subjected to further discrimination and ultimately discharged.

3.    Plaintiff Tyson brings this cause of action to vindicate her rights guaranteed by Title VII. Plaintiff Tyson seeks the full measure of available relief, including declaratory, equitable, compensatory and punitive remedies, as well as statutory attorney's fees and costs.

## II.

## Jurisdiction

4.    This Court has jurisdiction over Plaintiff Tyson's Title VII claim pursuant to 42 U.S.C. § 2000e-5(f)(3). This Court also has jurisdiction over Plaintiff Tyson's Title VII claim pursuant to 28 U.S.C. § 1331, which creates original jurisdiction for this Court over all civil actions arising under the Constitution, laws, or treaties of the United States.

## III.

## Parties

### Plaintiff

5.    Plaintiff Tyson was a resident of Henderson County, Texas at all times relevant hereto.

### Defendants

6.    Defendant ETMC is a Texas corporation doing business in the Eastern District of Texas, Tyler Division.  Defendant can be served through its registered agent for service, Elmer G. Ellis, 1000 S. Beckham, Tyler, Texas 75701.

7.    Defendant ETMC – Athens is a Texas corporation doing business in the Eastern District of Texas, Tyler Division. Defendant can be served through its registered agent for service, Elmer G. Ellis, 1000 S. Beckham, Tyler, Texas 75701.

## IV.

## Procedural History

8.    Plaintiff Tyson filed a timely charge of discrimination in employment with the United States Equal Employment Opportunity Commission and received her right-to-sue letter therefrom after its mailing date of April 10, 2003. Plaintiff Tyson has therefore satisfied all prerequisites to her Title VII claim, and there remain no unfulfilled exhaustion requirements.

3

## V.

### Statement of Facts

9.   At all times relevant hereto, Plaintiff Tyson was an employee of Defendant ETMC and Defendant ETMC -- Athens and was therefore entitled to the protections of Title VII.

10.   Defendants are each businesses with more than fifteen employees and are subject to the prohibitions against discrimination in Title VII.

11.   Plaintiff Tyson is a fifty-seven (57) year old white female.

12.   Plaintiff Tyson began working for the hospital which became ETMC -- Athens on or about May 29, 2001.

13.   At all times relevant hereto, Plaintiff Tyson was a competent, qualified, loyal and conscientious employee.

14.   During approximately Plaintiff Tyson's second week at the hospital, maintenance employee James O'Neil began harassing her. The harassment was sexual and both verbally and physically abusive. Mr. O'Neil would ask Plaintiff Tyson if she slept around and if she had a boyfriend.   He would ask Plaintiff Tyson when she last had sex and how she took care of herself sexually.   Mr. O'Neil grabbed Plaintiff Tyson's hand in the hallway.   He also grabbed his crotch

on more than one occasion when talking to her.   He also asked Plaintiff Tyson if she wanted to "feel it."

16.   In September, 2001, Mr. O'Neil became verbally abusive because Plaintiff Tyson did not have decaffeinated iced tea.   This event occurred in front of witnesses, and Mr. O'Neil was suspended, ordered to apologize and ordered not to go into the kitchen or behind the counter.

17.   Unfortunately, nothing changed.  Mr. O'Neil continued the harassing behavior and even touched Plaintiff Tyson's breasts after the suspension.   A couple weeks before Plaintiff Tyson was fired, Mr. O'Neil cussed at her and told her "I will get you Bitch."

18.   Plaintiff Tyson told her supervisor, Mark Tankersley about Mr. O'Neil's behavior.  Mr. Tankersley told Plaintiff Tyson that he had spoken to seven (7) people about Mr. O'Neil and no one had anything good to say about him.  Virtually everyone was aware of Mr. O'Neil's rude, obnoxious, and harassing behavior towards Plaintiff Tyson and the other female employees. Plaintiff Tyson also called the "hotline."  Unfortunately, nothing was ever done after the initial suspension.

19.   On or about March 22, 2002, Mr. O'Neil again harassed Plaintiff Tyson.   Plaintiff Tyson turned off the lights in the

cafeteria briefly in order to avoid him.  However, the cafeteria remained open, and Plaintiff Tyson remained at work as scheduled.

20.  Defendants fired Plaintiff Tyson on or about March 27, 2002, supposedly for shutting down the cafeteria and going home on March 22, 2002.  Of course, Plaintiff Tyson did not shut down the cafeteria and go home as alleged by ETMC.  Instead, she worked her regular shift.

21.  Rather than discipline Mr. O'Neil further in order to stop the harassment against Plaintiff Tyson, Defendants terminated her in retaliation for her complaints.

22.  Defendants discriminated against Plaintiff Tyson by taking no action regarding repeated harassment against Plaintiff Tyson, after Mr. O'Neil's initial suspension, and allowing Mr. O'Neil to retaliate against her after reporting severe harassment.

23.  Defendants then discharged Plaintiff Tyson based upon her sex and in retaliation for her complaints regarding harassment.

24.  Based upon information and belief, Defendants allow their employees to subject their female co-workers to a hostile work environment and retaliate against employees who report same.

25.  Defendant's conduct complained of above, including actions and omissions, proximately caused Plaintiff Tyson to suffer

mental, emotional and psychological damages, as well as lost compensation.

26. All of Defendants's wrongful acts and omissions as set out above were wanton, malicious, and done in conscious disregard of and with deliberate indifference to the rights and needs of Plaintiff Tyson rendering appropriate the award of punitive damages.

### VI.

### Cause of Action

27. Defendants' acts and omissions, set forth above, constitute violations of Title VII of the Civil Rights Act of 1964, as amended.

### VII.

### Jury Demand

28. Plaintiff Tyson hereby demands a trial by jury on all issues so triable.

### Prayer for Relief

29. WHEREFORE, Plaintiff Tyson prays this Honorable Court:

(a) Enter declaratory judgment against Defendants and in favor of Plaintiff Tyson recognizing that Defendants have violated Plaintiff's rights guaranteed by Title VII;

(b) Enter judgment against Defendants in favor of Plaintiff Tyson for full compensatory damages, as

well as appropriate back pay and front pay, if
necessary;

(c)   Enter judgment against Defendants for an amount of
      punitive damages sufficient to punish and deter
      Defendants' discrimination against Plaintiff Tyson
      and other females;

(d)   Enter an injunction ordering Defendants to
      reinstate Plaintiff Tyson with full benefits,
      without any further harassment and/or retaliation
      for Plaintiff Tyson's protected activities.
      Alternatively, Plaintiff Tyson requests an award of
      front pay;

(e)   Enter an award in favor of Plaintiff Tyson, against
      Defendants, to pay Plaintiff Tyson's reasonable
      attorney's fees and costs, pursuant to Title VII
      and 42 U.S.C. § 1988;

(f)   Grant Plaintiff Tyson a trial by jury on all issues
      so triable; and

(g)   Grant Plaintiff Tyson any and all additional relief
      to which she appears to be entitled.

                              Respectfully submitted,


                              Alex A. Castetter
                              Attorney-in-charge
                              for Plaintiff Tyson
                              Bar Card No. 00783808

                              Stuckey, Garrigan & Castetter
                              Law Offices
                              2803 C North Street
                              P.O. Box 631902
                              Nacogdoches, Texas 75963-1902
                              (936) 560-6020/FAX: 560-9578